**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNIVERSAL WIRELESS, INC.
PLAINTIFF**

v.                     CASE NO. 4:05-CV-1585 GH

**BANK OF AMERICA, N. A.                                        DEFENDANT**

**STIPULATION AND PROTECTIVE ORDER REGARDING
CONFIDENTIALITY OF DISCOVERY MATERIALS**

IT IS HEREBY STIPULATED, that in order to protect the legitimate interests of the parties in maintaining the confidentiality of certain sensitive or proprietary information that may be disclosed during the course of this action, the parties agree as follows:

1.      <u>Designation of Material as Confidential</u>.  Any party to the above-captioned action or other person (including non-parties) that provides discovery materials (whether by producing documents, answering interrogatories, responding to requests for admissions, providing testimony at a deposition or through some other discovery device) (hereinafter, "Discovery Material(s)") may designate such Discovery Materials as "Confidential."  Such a designation shall constitute a representation by the party or person and its counsel that they, in good faith, believe that the material so designated contains or constitutes (a) trade secrets, unpublished financial data, financial or investment forecasts or strategies, business marketing or product plans, appraisals, valuations or other information of a non-public nature considered by the producing party

or person to be commercially or personally sensitive or proprietary; (b) other competitively sensitive or proprietary research, development, marketing, financial or commercial information; or (c) other information which is properly the subject of a protective order. Material designated Confidential shall be accorded the protections referred to in paragraphs 5 and 6 of this Stipulation and Protective Order.

2. <u>Designation of Deposition Testimony as Confidential</u>. Any party or person may designate the deposition testimony of any of its employees, officers or directors (past or present) or any portion thereof (including exhibits) as Confidential by advising the reporter and all parties of such fact on the record during the deposition or in writing at any time within ten (10) business days after actual receipt of the transcript. All deposition transcripts shall be deemed to be Confidential for the first ten business days following their receipt by counsel. The reporter shall also be advised to limit distribution of the transcripts to the parties and the deponent (or his or her attorney).

3. <u>Designation of Documents And Other Discovery Material as Confidential</u>. Documents, portions of documents, answers to interrogatories, responses to requests for admission and other Discovery Materials may be designated as Confidential by stamping or otherwise marking the document, the portion of the document or the Discovery Material as "Confidential" prior to their production to an opposing party.

4. <u>Subsequent Designation of Discovery Materials As Confidential</u>. Any Discovery Material that is produced without being designated "Confidential" may be so designated, with respect to future disclosure, by the producing party or person by sending a letter making such designation to each party who has received such material. Disclosure of such material prior to its designation as "Confidential" shall not violate the

terms of this Stipulation and Protective Order, <u>provided</u>, however, that a party or person disclosing such material that is subsequently designated as "Confidential" shall use its best efforts to retrieve such material from the recipient and prevent further disclosures except as authorized in this Stipulation and Protective Order.

  5. <u>Use of Confidential Material</u>.  Confidential material shall be used only in preparation for and conduct of this Case No. 4:05-CV-1585 GH in the United States District Court, Eastern District of Arkansas, Western Division, or any Court to which it is remanded or transferred (including use in sealed briefs, memoranda, and other documents relating thereto) and shall not be used for any other purpose except upon consent of the designating party or person or upon order of the Court.  Under no circumstances shall confidential material be disclosed to any person or entity not a party to this lawsuit, or their professional agents for this litigation, whether attorneys or experts, and the Court.  However, nothing in this Stipulation and Protective Order shall prevent any party or person from using or disclosing its own "Confidential" material as it deems appropriate.

  6. <u>Restrictions on the Disclosure of Material Designated as Confidential</u>.  Confidential material and all information contained therein shall not be disclosed to or discussed with any person except:

   (a) counsel to the parties, and their staffs (including legal assistants and other persons employed and supervised by such counsel) reasonably necessary to assist such counsel in the conduct of this litigation;

   (b) the parties and any officers, directors, employees and agents of the parties that are reasonably necessary to assist counsel in the conduct of this litigation;

    (c) experts, consultants and other persons from whom counsel may seek to obtain evidence or advice, to the extent deemed reasonably necessary by counsel for the conduct of this litigation;

    (d) the Court (including the jury);

    (e) court reporters and deposition transcript reporters; and

    (f) other persons only upon consent of the designating party or person or upon order of the Court.

Unless otherwise permitted by paragraphs 6(a) through (f), a person being deposed or testifying in this action may be shown Confidential material only if the questioning party gives the other parties an opportunity to object to disclosure and no party objects. If any party objects, the objection shall be preserved and neither disclosure nor questions revealing the contents of the document shall be permitted unless the Court so orders.

  7. <u>Compliance</u>.  Prior to the disclosure of material which has been designated Confidential to those persons or entities authorized under paragraphs 6(c) and (f) of this Order to receive such material, any such individual or entity shall be provided with a copy of this Order, which he or she shall read. Upon reading this Order, such person or entity shall sign a certification, in substantially the form annexed hereto as Exhibit A, acknowledging that he or she has read this Order and will abide by its terms. Copies of signed certifications shall be retained by counsel for the party obtaining them.

  8. <u>Resolution of Challenges to Designations</u>.  Entering into, agreeing to and/or producing or receiving materials or otherwise complying with the terms of this Stipulation and Protective Order shall not: (a) operate as an admission by any party that any particular Discovery Material contains or reflects trade secrets, proprietary or

sensitive commercial or personal information or other confidential matter; (b) prejudice in any way the rights of any party to apply to the Court for an order that information designated as confidential need not be treated as "Confidential"; (c) prejudice in any way the rights of a party to seek a determination of the Court that particular Discovery Materials should be produced; or (d) prejudice in any way the rights of a designating party or person to apply to the Court for a further protective order relating to any confidential information.  No party to this action is obliged to challenge the protected status of any Discovery Material at the time of receipt, disclosure, or designation thereof, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that a receiving party seeks to challenge the appropriateness of protected treatment of any Discovery Material, such party shall consult in good faith with the designating party or person in an effort to resolve the matter on an informal basis.  In the event no agreement is reached, the receiving party may seek an order permitting disclosure of the disputed material.  The receiving party shall give no fewer than five (5) business days written notice to the designating party or person before seeking such an order, identifying (with as much specificity as is practicable) the document, testimony or other material that counsel contends is not entitled to protection.  Any document, testimony or other material as to which such a motion is made shall continue to be treated as Confidential until the Court rules or the motion is otherwise resolved.

       9.      <u>Filing of Confidential Material Under Seal</u>.  In the event any material designated Confidential is included in, attached to, referred to, or is an exhibit to any brief, memorandum, document or transcript which is filed with either the Court or the Clerk during the course of proceedings arising out of this action, the party using such

material shall notify the receiving parties in writing of such inclusion simultaneously with service, and shall file the same or submit it to the Court in a sealed envelope bearing the following legend:

"CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER.  NOT TO BE OPENED EXCEPT BY ORDER OF THE COURT."

10. <u>Receipt of Subpoena</u>.  If any party in possession of material designated "Confidential" under this Stipulation and Protective Order receives a subpoena seeking production or other disclosure of such "Confidential" material, that party shall give written notice to counsel for the party or person who designated the materials "Confidential," and shall enclose a copy of the subpoena.  Where possible at least 10 business days notice before production or other disclosure should be given.

11. <u>Return Of Confidential Material Upon Termination of This Action</u>.  Within thirty (30) days of the final conclusion of this action (including any appeals) and unless the Court otherwise orders, any material designated Confidential and any copies thereof which have been made shall be returned to the producing party or person upon request or such material shall be certified in writing to have been destroyed.

12. <u>Court Approval</u>.  The parties agree to submit this Stipulation and Protective Order to the Court for approval, and further agree that, pending approval by the Court, this Stipulation and Protective Order shall be effective as if approved and, specifically, that any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation and Protective Order had been entered by the Court.

Dated: October 18th, 2006.

APPROVED AS TO FORM AND SUBSTANCE:

ROSE LAW FIRM
A Professional Association
120 East Fourth Street
Little Rock, Arkansas  72201
(501) 375-9131
(501) 375-1309 (fax)
astewart@roselawfirm.com
kperkins@roselawfirm.com


By: /s/ Kathryn Bennett Perkins
    Amy Lee Stewart
    Ark. Bar No. 88167
    Kathryn Bennett Perkins
    Ark. Bar No. 92231

Attorneys for Defendant


    James H. Penick, III
    Eichenbaum, Liles, & Heister, P.A.
    124 West Capitol Ave.
    Suite 1400
    Little Rock, AR 72201
    Phone: (501) 376-4531
    Facsimile: (501) 376-8433
    jpenick@elhlaw.com

By: /s/ James H. Penick, III

Attorney for Plaintiff




IT IS SO ORDERED.

                                                */s/ George Howard, Jr.*
                                                United States District Judge

Exhibit A

Universal Wireless, Inc. v. Bank of America, N.A.
Case No. 04:05-CV-1585 GH

**ACKNOWLEDGEMENT**

I hereby acknowledge that I have read the Stipulation and Protective Order Regarding Confidentiality of Discovery Materials entered by the Court in the above-captioned action, dated October ___, 2006, and understand the terms thereof and agree to be bound thereby.

October ___, 2006.

                                                  Name (typed or printed)

_____

                                                        Signature

_____